NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRANK ROY, *Plaintiff*, v. HONORABLE FREDA L. WOLFSON, *Defendant.* | Civil Action No. 18-11570 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Frank Roy ("Plaintiff") seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. Plaintiff filed the Complaint on July 12, 2018, seeking $3,000,000 in damages. Complaint ("Compl.") at 2. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but the Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff is a resident of New Jersey. Complaint ("Compl.") at 1; D.E. 1. Defendant Judge Freda Wolfson ("Judge Wolfson") is a United States District Judge for the District of New Jersey. *Id.* Judge Wolfson sits in the Trenton Vicinage. *Id.*

The allegations in Plaintiff's Complaint are not clear. Plaintiff alleges that Judge Wolfson participated in a conspiracy with Judge Jerome Simandle, a Senior United States District Judge for the District of New Jersey. *Id.* As part of this conspiracy, Plaintiff alleges that Judge Wolfson

found him "not indengent (sic)" and ordered that he "must pay" to file a complaint against Judge Simandle. *Id.*

In addition to these allegations, Plaintiff provides information in several attachments. First, in the Complaint Plaintiff references his attachment "the twelve Complaints." *Id.* The attachment is actually titled "ELEVEN COMPLAINTS FILED BY PLAINTIFF." D.E. 2.[1] The attachment indicates that Plaintiff has filed a criminal complaint against Judge Simandle. *Id.* It also contains several unclear references, including a reference to Judge Simandle's "illegal procedure" and "Landlord/Tenant Court." *Id.* Plaintiff goes on to state that he has contacted the "FBI" and William Walsh, the Clerk of the Court. *Id.* Plaintiff also attaches information from the Social Security Administration as to his monthly benefits, *id.* at 4, and a notice of bankruptcy filing by Plaintiff on March 1, 2018 in this District, *id.* at 5.

Finally, Plaintiff attaches a Notice of Electronic Filing ("NEF") docket sheet concerning the underlying matter, civil action number 18-10203, with Judge Wolfson. *Id.* at 3. The docket for that matter, which is a public record, reflects a June 29, 2018 order by Judge Wolfson, which *granted* Plaintiff *in forma pauperis* status but dismissed the complaint on grounds of judicial immunity.

---

[1] When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Clerk of the Court filed the "ELEVEN COMPLAINTS" document as a separate entry at D.E. 2. However, it appears from Plaintiff's reference to the document as an attachment in the Complaint, that it was intended to be an attachment to the Complaint.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 1915

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently established his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs. *See* Compl., D.E. 1-1.

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In addition, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL

3719623, at *1 (D.N.J. Sept. 14, 2010) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### B. Judicial Recusal Standing Order

The January 13, 1994 Standing Order on Judicial Recusal provides as follows:

> [S]uits brought against judges of the United States District Court for the District of New Jersey shall be assigned to a judicial officer in a vicinage other than the vicinage where the defendant judge maintains his or her permanent duty station; and if the assignee judge determines that the litigation is patently frivolous, or if judicial immunity is plainly applicable, he/she need not recuse[.]

District of New Jersey 1994 Standing Order on Judicial Recusal.

### III. LEGAL ANALYSIS

Even construed liberally, the Court cannot ascertain any alleged federal causes of action in the Complaint. Plaintiff sets forth no counts, and he fails to indicate any specific cause of action. *See Kassin v. U.S. Postal Serv.*, No. 11-1482, 2011 WL 6002836, at *2 (D.N.J. Nov. 30, 2011) (finding that a *pro se* plaintiff's discussion of factual allegations, without specifying a legal cause of action, was insufficient to withstand a motion to dismiss). Because the Court cannot ascertain the legal claims that are being raised, the Court also cannot determine whether it has subject matter jurisdiction over this matter.

Further, even after reading the Complaint as liberally as possible, Plaintiff fails to plausibly plead any cause of action. Moreover, judicial immunity appears applicable. "The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000). Therefore, "[i]t is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Id.* (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). Clearly Judge Wolfson's decision in her capacity as a judge, as reflected in

4

her June 29, 2018 order, would be subject to judicial immunity. Further, Judge Wolfson would also be immune from a suit for money damages while acting in her judicial capacity. Moreover, Plaintiff's allegations also appear factually incorrect—Judge Wolfson *granted* Plaintiff's application to procced without prepayment fees.

Therefore, the Complaint appears frivolous and subject to judicial immunity. It follows that the Court will not recuse itself. The Undersigned presides in the Newark Vicinage, while Judge Wolfson sits in the Trenton Vicinage. Therefore, the Court retains jurisdiction over this matter. The Court also dismisses Plaintiff's Complaint for failure to plausibly plead a cause of action for the reasons discussed above.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). In light of the noted deficiencies, the Court has real concerns that any attempt to amend would be futile. However, because Plaintiff is proceeding *pro se*, and is entitled to a more relaxed standard of review than if he was represented by counsel, the Court will grant him an opportunity to amend his pleadings and plausibly state his allegations.

Thus, for the reasons set forth above and for good cause shown,

IT IS on the 21st day of August, 2018,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Complaint, D.E. 1, is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim; and it is further

**ORDERED** that Plaintiff may file an amended complaint within **THIRTY (30) DAYS** of receipt of this Opinion and Order. If Plaintiff fails to file an amended complaint within **THIRTY (30) DAYS** of receipt, dismissal of this case shall be with prejudice[2]; and it is further

**ORDERED** that the Clerk shall serve this Opinion and Order upon Plaintiff by certified mail return receipt.

								JOHN MICHAEL VAZQUEZ, U.S.D.J.

---

[2] Dismissal with prejudice means that Plaintiff will **not** be able to bring any future action against Judge Wolfson based on the allegations in this case.